**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAX BIRMINGHAM,

    Plaintiff,

                                            Case No: 1:20-cv-00329

v.

                                         **Oral argument requested**

DANA NESSEL,

    Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE MOTION FOR**
**DEFAULT JUDGMENT**

## PROCEDURAL HISTORY

On Friday, April 17, 2020 *Pro Se* Plaintiff Max Birmingham filed the present lawsuit challenging the constitutionality of MICH. COMP. LAWS § 750.532 ("Seduction statute") on Friday, April 17, 2020. (Dkt. 1).

According to Federal Rule of Civil Procedure 12(a)(1)(A)(i), an answer to a complaint must be filed within 21 days of service. 21 days from Friday, April 17, 2020, excluding that date, is Friday, May 8, 2020. However, under Rule 6(d), if service by mail is used, an additional three days are added to the period as calculated under Rule 6(a). An additional three days would make the answer due on Monday, May 11, 2020.

On Wednesday, May 6, 2020 Plaintiff then filed a motion for leave to file an amended complaint (Dkt. 6), a first amended complaint (Dkt. 6 – 1), as well as a motion for a preliminary injunction (Dkt. 7) and a memorandum in support of the motion for a preliminary injunction (Dkt 8).

On Friday, May 8, 2020, the Court denied Plaintiff's motion for a preliminary injunction without prejudice. (Dkt. 9). The Court reasoned that "Plaintiff "assert[ed] that he "will" serve his motion on Defendant, not that he has actually done so. Moreover, there is no indication in the docket that Plaintiff has, in fact, served the present motion on Defendant. This is fatal to Plaintiff's request. The Court further notes that there is no indication in the docket that Defendant has been served with Plaintiff's complaint." (Dkt. 9).

On Wednesday, May 13, 2020 Plaintiff then refiled a motion for leave to file an amended complaint (Dkt. 10), a first amended complaint (Dkt. 11), as well as a motion for a preliminary injunction (Dkt. 12) and a memorandum in support of the motion for a preliminary injunction (Dkt. 13).

According to Federal Rule of Civil Procedure 15(a)(3), an answer to an amended complaint must be made within the time remaining to respond to the original complaint or within 14 days after service of the amended complaint, whichever is later. The later time is 14 days after service of the amended complaint. The time to respond to the original complaint was due on Monday, May 11, 2020. 14 days from the amended complaint (Wednesday, May 13, 2020),

excluding that date, is Wednesday, May 27, 2020. However, under Federal Rule of Civil Procedure Rule 6(d), if service by mail is used, an additional three days are added to the period as calculated under Federal Rule of Civil Procedure Rule 6(a). An additional three days would make the answer due on Saturday, May 30, 2020. Federal Rule of Civil Procedure Rule 6(a)(3) provides that, if the last day of a period is a Saturday, Sunday or legal holiday, that day is excluded and the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. Thus, Defendant's answer to the amended complaint was due on Monday, June 1, 2020.

According to Federal Rule of Civil Procedure 12(a)(4)(A), a responsive pleading to a motion is due within 14 days unless the court denies the motion or postpones its disposition until trial. 14 days from the motion for a preliminary injunction (Wednesday, May 13, 2020), excluding that date, is Wednesday, May 27, 2020. However, under Federal Rule of Civil Procedure Rule 6(d), if service by mail is used, an additional three days are added to the period as calculated under Federal Rule of Civil Procedure Rule 6(a). An additional three days would make the answer due on Saturday, May 30, 2020. Federal Rule of Civil Procedure Rule 6(a)(3) provides that, if the last day of a period is a Saturday, Sunday or legal holiday, that day is excluded and the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. Thus, Defendant's responsive pleading to the motion for a preliminary injunction was due on Monday, June 1, 2020.

Defendant did not appear, respond, or seek an extension of time within the 14 day period required under Federal Rule of Civil Procedure 15(a)(3) with regard to the amended complaint.

Defendant did not appear, respond, or seek an extension of time within the 14 day period required under Federal Rule of Civil Procedure 12(a)(4)(A) with regard to the motion for a preliminary injunction.

Defendant did not appear, respond, or seek an extension of time within the 21 day period required under Federal Rule of Civil Procedure 12(a)(1)(A) with regard to the original complaint.

To this date, Defendant has only filed an attorney appearance with the Court.

In accordance with Federal Rule of Civil Procedure 55(b), default judgment should be entered against Defendant Dana Nessel.

**DEFAULT JUDGMENT IS APROPOS**

The threshold issue is whether resolution should be decided under the rules governing default judgments or summary judgments. The case law is sparse, but it is existent. In *Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc.*, 648 F. Supp. 1580 (M.D.N.C. 1986), where the plaintiff filed a motion for summary judgment against a defendant who was in default, the court found that the "appropriate procedure for plaintiff to follow [was] a default judgment pursuant to Fed. R. Civ. P. 55(b)(2)." *Id.* at 1583 (brackets added). "Summary judgment would be an inapt procedural vehicle because with respect to [the defaulting defendant] issues have not been actually litigated but established by default from the defendant's failure to appear." *Id.*; *see also id.* at 1582 (discussing the distinctions between a default judgment and a summary judgment and describing them as "two very different types of judgments").

**A.     Process**

The procedure for obtaining a default judgment is outlined in Rule 55 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment, after defendants have been properly served but failed to plead or otherwise defend. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2003).

First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. Federal Rule of Civil Procedure 55(a). Plaintiff filed an Application for Entry of Default, requesting the Clerk to enter default against the Defendant. (Dkt. 14).

Second, the court may enter a default judgment against the defendant. Federal Rule of Civil Procedure 55(b)(2). It is not necessary that the clerk enter the default before the plaintiff makes a motion for default judgment for consideration by the court. In *Heard v. Caruso*, the Sixth Circuit held that because plaintiff "*did not first seek entry of a default from the clerk of the court*, it was procedurally improper for [plaintiff] to move for entry of a default judgment." 351 Fed.Appx. 1, 15–16 (6th Cir.2009). Hence, as long as plaintiff first seeks entry of a default from the clerk, plaintiff may then move for entry of a default judgment.

4

Moreover, the Second Circuit ruled that since the court has the power to enter a default judgment, it impliedly has the power to perform the ministerial function of entering a default. *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir. 1997). The United States District Court for the Western District of Michigan does not have a rule directly on point on default judgment. Accordingly, the Court should rule that so long as a plaintiff first seeks entry of default from the clerk of court, the Court may consider a motion for default judgment because of its implied power to perform the ministerial function of entering a default.

  **B.**  **Factors**

The Ninth Circuit has set forth the following factors for courts to consider and balance before making a determination on granting a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

With regard to the first factor, there is possibility of prejudice to the Plaintiff. As Plaintiff brings this action under the overbreadth doctrine, "[t]he overbreadth doctrine constitutes an exception to traditional rules of standing and is applicable only in First Amendment cases in order to ensure that an overbroad statute does not act to "chill" the exercise of rights guaranteed." *Leonardson v. City of East Lansing*, 896 F.2d 190, 195 (6th Cir. 1990). The prejudice is the loss of First Amendment rights. It is well-settled that even minimal loss of First Amendment freedoms, "unquestionably constitutes irreparable injury." *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) (plurality)); *see also Elrod*, 427 U.S. at 373*; Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989); *N.Y. Times v. United States*, 403 U.S. 713, 715 (1971) (Black, J., concurring). The Seduction statute has been used "consistently" by prosecutors, even

though prosecutors have admitted that it is "archaic" and "imperfect tool."[1]  "Because of the chilling effect a statute might have on the freedoms of expression and association, an expedited determination of its constitutionality is preferable. *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1190 (9th Cir. 1988) (citations and quotations omitted).

With regard to the second factor, Plaintiff's substantive claim is meritorious. MICH. COMP. LAWS 750.532 ("Seduction statute") is unconstitutional on its face. Others in the legal community have come to this same conclusion. Dan Korobkin, the American Civil Liberties Union of Michigan's deputy legal director, said … "Seducing an unmarried woman is unconstitutional and vague as a criminal law and should be taken off the books. The statute violates the First Amendment right to free speech since it is not clear what someone must do or say to avoid breaking the law. … *There is a reason this law would be struck down if challenged.*"[2] Eugene Volokh, UCLA Law Professor, and former clerk to Justice Sandra Day O'Connor of the U.S. Supreme Court, stated:

> I don't think we should put our trust in the *noblesse oblige* of prosecutors when it comes to sex crimes any more than when it comes to speech crimes. Seduction shouldn't be criminal just so that prosecutors find it easier to reach plea bargains in rape cases. Otherwise, why not just make all sex — or for that matter all breathing — a crime? That will make it even easier for prosecutors to reach a "reasonable resolution" plea bargain whenever they think a defendant is guilty of a crime (a sex crime or otherwise) but doubt that they'll be able to prove it.[3]

With regard to the third factor, when deciding a motion for default judgment, all factual allegations in the plaintiff's complaint are deemed to be true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987*)*;

---

[1] *See* Emily Lawler, *Ex-MSU football player deal highlights archaic 'seduction' law*, (Updated Jan. 30, 2019; posted Apr. 5, 2018), *available at*
https://www.mlive.com/news/2018/04/in_wake_of_ex-msu_football_pla.html.
[2] Jonathan Oosting and Jennifer Chambers, *Arcane Seduction law used in ex-MSU players' plea deal*, (Apr. 4, 2018), *available at*
https://www.detroitnews.com/story/news/local/michigan/2018/04/04/arcane-seduction-law-used-ex-msu-players-plea-deal/33556649/.
[3] Eugene Volokh, *Recent Michigan Prosecutions for "Seducing and Unmarried Woman*, (Jun. 8, 2010), *available at* http://volokh.com/2010/06/08/recent-michigan-prosecutions-for-seducing-an-unmarried-woman/.

*also DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

With regard to the fourth factor, it is not applicable since there is no money at stake in the action. This action focuses strictly on the constitutionality of the statute.

With regard to the fifth factor, there are only legal questions at issue. Accordingly, there is a remote possibility of a dispute concerning material facts.

With regard to the sixth factor, Defendant did not appear, respond, or seek an extension of time within the 14 day period required under Federal Rule of Civil Procedure 15(a)(3) with regard to the amended complaint. Defendant did not appear, respond, or seek an extension of time within the 14 day period required under Federal Rule of Civil Procedure 12(a)(4)(A) with regard to the motion for a preliminary injunction. Defendant did not appear, respond, or seek an extension of time within the 21 day period required under Federal Rule of Civil Procedure 12(a)(1)(A) with regard to the original complaint.

With regard to the seventh factor, Plaintiff is likely to succeed on the merits. The Seduction statute is unconstitutionally vague. The Seduction statute, on its face, lacks the high level of exactness required to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. at 357. Because the Seduction statute bans protected speech, a particularly stringent vagueness test should apply. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982).

> What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. Thus, we have struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"— wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.

"Seduce and debauch any unmarried woman" are not defined in the statute. Since the Seduction statute is used only as a plea bargaining tool, it is not clear what someone must do or say to avoid breaking the law. "[P]erhaps the most meaningful aspect of the vagueness doctrine is not actual notice, but the other principal element of the doctrine—the requirement that a legislature

7

establish minimal guidelines to govern law enforcement. It is in this regard that the statutory language under scrutiny has its most notable deficiencies." *Smith v. Gogen*, 415 U.S. 566, 574 (1974).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Default Judgment and issue a final judgment granting the declaratory and injunctive relief set forth in the Proposed Order filed contemporaneously with this motion.

Respectfully submitted,

  /s/ Max Birmingham
Max Birmingham (D.C. Bar # 1618157)
**PRO SE**
323 E 108th St.
Apt. 24
New York, NY 10029
(617) 756–5473
maxbirmingham@gmail.com

Dated: June 9, 2020

## **DECLARARTION OF PLAINTIFF**

I, Max Birmingham, declare as follows:

    1. I am the Plaintiff in this action. If called as a witness, I could and would competently testify thereto.

    2. Defendant Dana Nessel was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on May 13, 2020, as evidenced by the proof of service on file with this Court.

    3. Under Rule 12, Defendant Dana Nessel was required to plead or otherwise respond to the complaint by June 1, 2020. The time to plead or otherwise respond to the complaint has not been extended by any agreement of the parties or any order of the Court.

    4. Defendant Dana Nessel has failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding to the complaint has expired.

    5. Defendant Dana Nessel is not a minor or an incompetent person.

    6. Defendant Dana Nessel is not currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply.

    I have attached to this declaration a true and correct copy of the proofs of service on file with this Court for the above-named Defendants. I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Respectfully submitted,

  /s/ Max Birmingham
Max Birmingham (D.C. Bar # 1618157)
**PRO SE**
323 E 108th St.
Apt. 24
New York, NY 10029
(617) 756–5473
maxbirmingham@gmail.com

Dated: June 9, 2020

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX BIRMINGHAM,

    Plaintiff,

                                           Case No: 1:20-cv-00329

v.

                                   **ORDER GRANTING DEFAULT**

DANA NESSEL,                                   **JUDGMENT**

    Defendant.

    This matter having been opened to the Court by *Pro Se* Plaintiff Max Birmingham, for an order striking the Answer of Dana Nessel as untimely and unresponsive and granting default judgment to Plaintiff against Defendant Dana Nessel, on the amended Complaint filed May 13, 2020; and in consideration of Plaintiff's request for a default judgment; the declaration of Max Birmingham; the Memorandum in Support of Entry of Default Judgment; and for good cause shown:

    IT IS, on this ___ day of _____, 2020, pursuant to Federal Rule of Civil Procedure 55(b)(2),

    ORDERED that Plaintiff's motion to strike Defendant Dana Nessel's Answer as untimely and unresponsive is GRANTED.

    ORDERED that Plaintiff's motion for default judgment against Defendant Dana Nessel is GRANTED.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed on June 9, 2020, via the CM / ECF system, and that the foregoing has been served via U.S. mail on Defendant.

                                            Respectfully submitted,

                                              /s/ Max Birmingham
                                            Max Birmingham (D.C. Bar # 1618157)
                                            **PRO SE**
                                            323 E 108th St.
                                            Apt. 24
                                            New York, NY 10029
                                            (617) 756–5473
                                            maxbirmingham@gmail.com

Dated: June 9, 2020

## **CERTIFICATE OF COMPLIANCE**

- In compliance with Local Rule 7.2(b)(ii), this brief was prepared using the word processing software Microsoft Word 2019.

- In compliance with Local Rule 7.2(b)(ii), the word count for this brief is two thousand six hundred ninety five (2,695) (including headings, footnotes, citations and quotations; but excluding case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits). This is below the allowed amount of ten thousand eight hundred (10,800) words.

                                      Respectfully submitted,

                                        /s/ Max Birmingham
                                    Max Birmingham (D.C. Bar # 1618157)
                                    **PRO SE**
                                    323 E 108th St.
                                    Apt. 24
                                    New York, NY 10029
                                    (617) 756–5473
                                    maxbirmingham@gmail.com

Dated: June 9, 2020

## **PROOF OF SERVICE BY MAIL**

On June 9, 2020, I served the documents described as

1:    Plaintiff's Motion for Default Judgment

2:    Plaintiff's Memorandum in Support of the Motion for Default Judgment

on the interested party in the action by placing a true and correct copy thereof in a sealed envelope, with postage paid thereon from the United States Postal Service, and deposited said envelope in the United States mail at or in New York, New York, addressed to:

Dana Nessel
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI 48909

I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Respectfully submitted,

  /s/ Max Birmingham
Max Birmingham (D.C. Bar # 1618157)
**PRO SE**
323 E 108th St.
Apt. 24
New York, NY 10029
(617) 756–5473
maxbirmingham@gmail.com

Dated: June 9, 2020

```
=========================================
            GRACIE
         229 E 85TH ST
       NEW YORK, NY 10028-9998
          359609-0009
          (800)275-8777
        06/09/2020 10:22 AM
=========================================
=========================================
-----------------------------------------
Product               Qty    Unit    Price
                             Price
-----------------------------------------
PM 3-Day               1     $7.75   $7.75
Flat Rate Env
    (Domestic)
    (LANSING, MI  48909)
    (Flat Rate)
    (Expected Delivery Day)
    (Saturday 06/13/2020)
    (USPS Tracking #)
    (9505 5163 3117 0161 4963 11)
Insurance                            $0.00
    (Up to $50.00 included)
-----------------------------------------
Total:                               $7.75
-----------------------------------------
```