UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX BIRMINGHAM,

    Plaintiff,

v

DANA NESSEL,

    Defendant.

No. 1:20-cv-00329

HON. JANET T. NEFF

MAG. PHILLIP J. GREEN

_____

Max Birmingham
Pro Per Plaintiff
323 E. 108th Street, Apt. 24
New York, NY 10029
(617) 756-5473

_____

Kendell S. Asbenson (P81747)
Patrick L. O'Brien (P78163)
Attorneys for Defendant
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
_____/

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................... ii

Index of Authorities ................................................................................................ iii

    A.    Birmingham cannot demonstrate that he has an intention to engage in a course of conduct proscribed by the seduction statute ........ 1

    B.    Threat of future enforcement against Birmingham is not substantial. ..................................................................................... 5

    C.    The overbreadth doctrine does not exempt Birmingham from the constitutional injury in fact requirement. ............................................... 6

Certificate of Service ............................................................................................... 8

# INDEX OF AUTHORITIES

Page

**Cases**

*Babbitt v. Farm Workers*, 442 U.S. 289 (1979) .............................................................. 1

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 1, 2

*Carter v. United States*, 530 U.S. 255 (2000) ............................................................... 2

*Chiafalo v. Washington*, 591 US _ slip op. at 8, 2020WL3633779, at *5 (2020) ......... 2

*Grendell v. Ohio Supreme Court*, 252 F.3d 828 (6th Cir. 2001) ............................... 4, 5

*McKay v. Federspiel*, 823 F.3d 862 (6th Cir. 2016) ....................................................... 5

*People v. Bressler*, 91 N.W. 639 (1902) ........................................................................ 3

*People v. De Fore*, 31 N.W. 585 (1887) ........................................................................ 3

*People v. Deneweth,* 14 Mich App 604 (1968) ............................................................. 3

*Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343 (6th Cir. 2007) .................... 6, 7

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) ..................................... 1, 5, 6

*Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383 (1988) ............................................... 7

**Other Authorities**

4 Gillespie Mich. Crim. L. & Proc. § 135:20 (2d ed.) (March 2020 update) ............. 3, 4

**Rules**

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 1

# **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Plaintiff claims he has standing to challenge a statute before it is enforced against him. Under *Susan B. Anthony List v. Driehaus*, a plaintiff must show three things: First "'[A]n intention to engage in a course of conduct arguably affected with a constitutional interest.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161 (2014) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). Second, plaintiff's "intended future conduct is 'arguably . . . proscribed by [the] statute'" plaintiff seeks to challenge. *Id.* at 162 (quoting *Babbitt*, 442 U.S. at 298). Third, plaintiff's threat of future enforcement of the false statement statute is substantial. *Id.* at 164.

### A. **Birmingham cannot demonstrate that he has an intention to engage in a course of conduct proscribed by the seduction statute**

For the first time, Birmingham alleges that "Plaintiff has an intention to engage in a course of [conduct][1] affected with a constitutional interest, but is proscribed by the seduction statute." (Pl. Br. Opp. Def's Mo. Dismiss, R 32, p. 21.) This statement, however, is a conclusory statement and even if it were added to the complaint, which the amended complaint does not do, it would not be sufficient to provide Birmingham standing. To state a claim under Fed. R. Civ. P. 8(a)(2), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[1] Birmingham uses the word "conduce" here, but it is assumed that he intended to use the word "conduct."

(citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at n.3. The *Twombly* court recognized that, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* But even with Birmingham's statement of intent, he has not specified what he intends to do. Does he merely intend to have consensual sex? Does he intend to convince a woman to have sex with him by a false promise of marriage? Does he intend to engage in some other conduct? Birmingham does not specify. As he does not specify *with facts* what he intends to do, Birmingham cannot show any of his potential conduct is "proscribed by the seduction statute" because he has yet to identify this conduct.

Instead of actually defining what is prohibited by the statute in a way that would enable him to claim his intended conduct was actually prohibited, Birmingham claims that the terms seduce and debauch are not defined. (Pl. Reply Mo. Leave to Am. Compl., R 33, p. 4.) Birmingham is right to start with the language of the statute. *See Chiafalo v. Washington*, 591 US _ slip op. at 8, 2020WL3633779, at *5 (2020). The analysis, however, does not end here. The Supreme Court has "not hesitated to turn to the common law for guidance when the relevant statutory text does contain a term with an established meaning at common law." *Carter v. United States*, 530 U.S. 255, 266 (2000). In the present case, Michigan's common law has defined the elements of seduction with sufficient

2

precision that these elements are able to be presented in a treatise: 4 Gillespie Mich. Crim. L. & Proc. § 135:20 (2d ed.) (March 2020 update).

Birmingham claims that *People v. De Fore*, 31 N.W. 585 (1887) is not good law. Birmingham then cites *People v. Deneweth,* 14 Mich App 604 (1968). As a practical matter, *Deneweth* – a Michigan Court of Appeals case – cannot overturn *De Fore* because *De Fore* is a Michigan Supreme Court case. Further, *Deneweth*, which is a homicide case, cites *De Fore* for the proposition that "in a criminal case the defendant is entitled to have the presumption of innocence . . . ." *Deneweth*, 14 Mich App at 608, 608 n 5 (citing *De Fore*, 31 N.W. at 590 ("The presumption of innocence is present in every criminal case."))[2]

At common law, "the offense [of seduction] is committed if the man has carnal intercourse to which the woman assented, if the assent was obtained by promise of marriage made by the man at the time and without which she would not have yielded." 4 Gillespie Mich. Crim. L. & Proc. § 135:20 (2d ed.) (March 2020 update) (citing *People v. Bressler*, 91 N.W. 639 (1902); *People v. De Fore*, 31 N.W. 585.). This definition is not vague or ambiguous. The fact that persons have pled guilty to the seduction statue, but perhaps claim that the intercourse was consensual does not change what the statute and common law prohibit.

If Birmingham claims that he intends to engage in consensual sex, this activity, according to the common law, is not proscribed. *De Fore*, 31 N.W. at 589.

---

[2] Plaintiff claims that under the statute of frauds a promise of marriage must be in writing. This is not relevant because there is no allegation that anyone is using the seduction statute to enforce an agreement to marry.

3

If Birmingham makes a false promise of marriage to try to persuade a person to have intercourse with him, but that person does not rely on that promise, then his activity is not proscribed by the statute. 4 Gillespie Mich. Crim. L. & Proc. § 135:20 (2d ed.) (March 2020 update).

The only way Birmingham could allege that he can show activity proscribed by the statute is if he claims that he will have sexual intercourse in Michigan, he will promise marriage to obtain the intercourse, makes the promise at the time of the intercourse, and the person with whom he has intercourse relies on the promise to marry.

Birmingham's case is similar to *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 833 (6th Cir. 2001). In *Grendell*, the plaintiff challenged the Supreme Court of Ohio's ability to enforce sanctions for bringing a frivolous lawsuit. The Sixth Circuit held that to have standing and show a threat of future injury, the plaintiff in *Grendell* would have to present evidence: "(1) that he is bringing or highly likely to bring a lawsuit before the Ohio Supreme Court; (2) that such lawsuit is allegedly frivolous, exposing him to sanctions under Rule XIV, § 5; (3) that the Ohio Supreme Court would, in its discretion, impose such sanctions; and (4) that the imposition of those sanctions would violate due process." *Id.* The Sixth Circuit held that in this context, "[s]uch a chain of events is simply too attenuated to establish injury in fact, and to confer the required standing in this case." *Id.*

Again, Birmingham, just like the plaintiff in *Grendell*, would have to show a chain of actions taken and decisions made by a third party. Like the plaintiff in

4

*Grendell*, this chain of events is so attenuated that it is hypothetical, imaginary, and speculative.

      **B.    Threat of future enforcement against Birmingham is not substantial.**

Even if Birmingham could somehow plead with actual, non-hypothetical facts that he was going to violate the seduction statute, he cannot show a substantial threat of future enforcement. In *Susan B. Anthony List* the plaintiff showed a threat of future enforcement when (1) "there [was] a history of past enforcement" (2) the challenged statute "allow[ed] 'any person' with knowledge of the purported violation to file a complaint" and "authority to file a complaint with the Commission [was] not limited to a prosecutor or an agency"; (3) enforcement "proceedings are not a rare occurrence." *Id*. at 164-65.

Birmingham's case is also similar to *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016). In that case, the plaintiff argued that he faced a credible threat of prosecution for bringing an electronic recording device into the Saginaw County Governmental Center because (1) there was an order prohibiting electronic devices, implying a threat of enforcement; (2) there were signs in the county governmental center that threatened enforcement; and (3) the county sheriff or the lieutenant who circulated a memo instructing sheriffs' deputies to enforce the prohibition on electronic recording devices "'have never disavowed the enforcement of the'" order. *Id.* at 869, 865 (citations to the record omitted). The Sixth Circuit found it significant that the plaintiff could, but did not, seek an administrative exemption from the challenged order and concluded that the plaintiff lacked standing to bring

5

his first amendment claims. *Id.* at 870. If the plaintiff had received consent from a third party to the suit to have the electronic recording device, the administrative exception from the county government, then he would have no threat of prosecution.

In Birmingham's case if he obtains legitimate consent to the intercourse from a third party to the suit, the unidentified person with whom he intends to have intercourse, then he faces no threat of prosecution.

Just because there are unrelated third parties who have no relationship to Plaintiff who have pled guilty to seduction, does not show that Birmingham himself will face prosecution. Further, while Birmingham claims that the seduction statute allows prosecutors unfettered discretion as to whom they may charge, the fact that a prosecutor has discretion to bring a charge of seduction weighs against the notion that Birmingham faces an imminent threat of prosecution. *Susan B. Anthony List*, 573 U.S. at 164.

### C. The overbreadth doctrine does not exempt Birmingham from the constitutional injury in fact requirement.

As the Sixth Circuit has explained, "[t]he overbreadth doctrine allows plaintiffs to attack the constitutionality of a statute or ordinance 'not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others before the court to refrain from constitutionally protected speech or expression.'" *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007) (quoting *Virginia v. Am.*

6

*Booksellers Ass'n*, 484 U.S. 383, 392-93 (1988).[3] This means that "overbreadth only amounts to an exception to the usual *prudential* standing requirement "that a party may assert only a violation of its own rights." *Id.* (emphasis added). "Thus, in an appropriate first amendment overbreadth claim, a plaintiff whose conduct is regulated by a rule of law is permitted to challenge the constitutionality of that particular rule of law regardless of the fact that a more circumscribed version of that rule of law could be applied in a constitutional fashion to prohibit the plaintiff's conduct." *Id.* at 349-50. The overbreadth doctrine, however, merely "creates an exception . . . to the prudential standing inquiry, the Supreme Court has made clear that the injury in fact requirement still applies to overbreadth claims under the first amendment. *Id.* at 350 (quoting *Am. Booksellers Ass'n*, 484 U.S. at 392-93).

As stated more fully above, Birmingham cannot show an injury in fact and cannot show what behavior he will engage in that will lead to his being prosecuted. Plaintiff has failed to demonstrate standing and his case must be dismissed.

---

[3] Plaintiff claims that "In *Prime Media*, the court found that plaintiffs did not have standing because the ordinance at issue 'ha[s] been found to be *sufficiently tailored to pass constitutional scrutiny.*'" (Pl. Br. Opp. Def's Mo. Dismiss, R 32, p. 21 (quoting *Prime Media, Inc.*, 485 F.3d at 348) (emphasis added by Plaintiff). The quoted text from *Prime Media, Inc.* was not addressing the challenge before the court at that time, but was a reference to the previous time the case had come to the Sixth Circuit for review.

7

Respectfully submitted,

Dana Nessel
Attorney General

*s/Kendell S. Asbenson*
Kendell S. Asbenson (P81747)
Assistant Attorney General
Attorneys for Defendant
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
asbensonk1@michigan.gov
P81747

Dated:  July 13, 2020

# CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel and parties of record.

*s/Kendell S. Asbenson*
Kendell S. Asbenson (P81747)
Assistant Attorney General
Attorneys for Defendant
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
asbensonk1@michigan.gov

8