UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

───────────────

MAX BIRMINGHAM,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:20-cv-329

DANA NESSEL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The State of Michigan makes it a felony for "[a]ny man [to] seduce and debauch any unmarried woman . . . ." Mich. Comp. Laws § 750.532. Plaintiff, proceeding *pro se*, initiated this action challenging the constitutionality of this so-called "seduction statute." (ECF No. 11). Presently before the Court are two motions: (1) Defendant's Motion to Dismiss (ECF No. 26) and (2) Plaintiff's Motion for Preliminary Injunction (ECF No. 12). Pursuant to 28 U.S.C § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted, Plaintiff's motion be denied, and this matter terminated.

**ANALYSIS**

**I.    Motion to Dismiss**

Defendant moves to dismiss this action on the ground that, because Plaintiff lacks standing to challenge the statute in question, this Court lacks subject matter jurisdiction to hear this matter. This is a question on which Plaintiff bears the

1

burden. *See, e.g., Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) ("it is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction"); *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.1996) ("when subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss").

Article III of the Constitution limits federal courts to hearing "Cases" and "Controversies." To properly invoke this jurisdiction, Plaintiff must demonstrate standing. *Warth v. Seldin,* 422 U.S. 490, 498 (1975). There are, however, two different types of standing: constitutional and prudential. *Id.* at 498-500. Constitutional standing is the "threshold question in every federal case, determining the power of the court to entertain the suit." *Id.* at 498.

The requirements of constitutional standing are threefold: (1) injury-in-fact, (2) causal connection between the injury and the challenged conduct, and (3) likelihood that the injury will be redressed by a favorable decision. *See, e.g., Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014). Apart from these constitutionally mandated requirements, the Supreme Court has articulated additional jurisdictional hurdles based on prudential concerns. *Warth* 422 U.S. at 499. But, because Plaintiff cannot satisfy the requirements of constitutional standing, the Court need not explore in detail the parameters of prudential standing.

As noted, one requirement of constitutional standing is that Plaintiff must demonstrate an injury-in-fact. A constitutionally sufficient injury must be "concrete and particularized" and "actual or imminent" not merely "conjectural" or "hypothetical." *Susan B. Anthony*, 573 U.S. at 157-58. The injury-in-fact requirement is intended to ensure that the plaintiff has a "personal stake" in the matter being litigated. *Id.* at 158.

Plaintiff concedes that he has neither violated the statute in question nor been charged with violating it. This is not necessarily fatal, however, to Plaintiff's attempt to demonstrate a constitutionally sufficient injury. As the Supreme Court has recognized, a plaintiff may satisfy the injury-in-fact requirement if he alleges "an intention to engage in a course of conduct . . . proscribed by [the challenged] statute" for which he faces "a credible threat of prosecution" *Ibid.*

But, Plaintiff does not allege an intention or desire to seduce or debauch an unmarried woman. Thus, he cannot establish that he faces a credible threat of prosecution for violating the statute as written. Plaintiff points out, however, that the statute is not applied in circumstances encompassed by its express language. Plaintiff asserts that the statute is only used as a plea-bargaining tool in prosecutions for criminal sexual conduct. (ECF 11, PageID.85). Assuming that is true, it does not alter the outcome here. Again, Plaintiff has not asserted a desire or intention to engage in conduct prohibited by the statute. In other words, there is no indication

that he intends to engage in conduct that would subject him to a credible threat of prosecution under the seduction statute, either as written or as allegedly applied.[1]

Plaintiff seeks to avoid this result by arguing that he possesses standing under the overbreadth doctrine. (ECF No. 11, PageID.81). As Plaintiff correctly notes, the overbreadth doctrine "constitutes an exception to the traditional rules of standing" for certain First Amendment claims. *See, e.g., United States v. Blaszak*, 349 F.3d 881, 888 (6th Cir. 2003). Plaintiff, however, misunderstands the nature of this exception, as it does not relieve him of the necessity to satisfy the requirements of constitutional standing. *See, e.g., Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007) (quoting *Virginia v. American Booksellers Ass'n,* 484 U.S. 383, 392–93 (1988) ("the Supreme Court has made clear that the injury in fact requirement still applies to overbreadth claims under the First Amendment"). The Court concludes, therefore, that Plaintiff lacks standing to bring the present action because he has not satisfied the injury-in-fact requirement. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted.

## II.   Plaintiff's Motion for Preliminary Injunction

Plaintiff moves for a preliminary injunction to "enjoin the enforcing, investigating, questioning, arresting, chagrining, or any other use of" the challenged statute. Injunctive relief is "an extraordinary remedy that should be granted only

---

[1] Plaintiff also does not allege a desire or intention to engage in conduct that would subject him to prosecution under the statute's 19th century interpretation. *See, e.g., People v. De Fore*, 31 N.W. 585 (Mich. 1887) (criminalizing conduct whereby a man obtains a woman's consent to intercourse through the false promise of marriage).

if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). These non-dispositive factors are simply competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. First, and most significantly, because Plaintiff lacks standing to challenge the seduction statute, he has no possibility of prevailing on the merits. Plaintiff has also failed to demonstrate that he will suffer an irreparable injury in the absence of an injunction. Finally, granting the requested relief would harm the public by depriving prosecutors of a tool that may prove useful in enforcing laws against criminal sexual conduct.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 27) be granted, and that Plaintiff's Motion for Preliminary Injunction (ECF No. 12) be denied. The undersigned further recommends that this matter be terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: September 16, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge