## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MAX BIRMINGHAM,

       Plaintiff,

                              Case No: 1:20-cv-00329

v.                                    HON. JANET T. NEFF

                              MAG. PHILLIP J. GREEN

DANA NESSEL,

       Defendant.                 **Oral argument requested**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

*Pro Se* Plaintiff Max Birmingham respectfully requests leave of Court to file an Amended Complaint, a copy of which is submitted hereto. The grounds for this motion are: 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15.

### 28 U.S.C. § 1653

A.    *Case Law*

"Nevertheless, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir.1997). A plaintiff may correct a failure to set forth diversity as an alternate basis for jurisdiction by amending his complaint pursuant to 28 U.S.C. § 1653 (1994). This statutory provision, titled "Amendment of pleadings to show jurisdiction," provides:

> Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

28 U.S.C. § 1653 (1994). Section 1653 was enacted as part of the Judicial Code revisions of 1948. Its predecessor, enacted 35 years earlier, "expressly limited jurisdictional amendments to cases in which diversity jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'" *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). According to the revision notes to § 1653, the statute was amended "solely to expand the power to cure defective allegations of jurisdiction from diversity cases to all cases." *Id.* (citing Historical and Revision Notes to 28 U.S.C. § 1653); *see also Mobil Oil Corp. v. Kelley*, 493 F.2d 784, 788 (5th Cir. 1974)." *Whitmire v. Victus Limited*, 212 F.3d 885, 887 (5th Cir. 2000).

"We have repeatedly noted that § 1653 is to be broadly construed to avoid dismissals of actions on purely "technical" or "formal" grounds. *See Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981); *see also Goble v. Marsh*, 684 F.2d 12, 17 (D.C. Cir. 1982) (in enacting § 1653 "Congress intended to permit amendment broadly to avoid dismissal of suits on technical grounds"). Furthermore, technical defects or failure to specifically allege the citizenship of a party can be cured even in the appellate courts. *See D.J. McDuffie Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979). In general, a motion for leave to amend should be granted if it would do nothing "more than state an alternative jurisdictional basis for recovery upon the facts previously alleged." *Miller*, 636 F.2d at 990. Our sister courts are no less

2

charitable in their interpretation of § 1653. *See, e.g., Canedy*, 126 F.3d at 103 ("Unless the record clearly indicates that complaint could not be saved by any truthful amendment, we generally afford opportunity for amendment.") (citation omitted); *Scattergood v. Perelman*, 945 F.2d 618, 626 (3d Cir. 1991); *see also Quinn v. McGraw-Hill Companies, Inc.*, 168 F.3d 331, 334 n.1 (7th Cir. 1999)." *Whitmire*, 212 F.3d at 887–88.

"[A] district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect." *Falaise v. American Tobacco Co.*, 241 B.R. 63, 65 (E.D.N.Y. 1999) (Weinstein, J.). While a district court can "remedy inadequate jurisdictional allegations," it cannot remedy "defective jurisdictional facts." *Newman-Green*, 490 U.S. at 831, 832 n.5 (citing *Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir.1983)); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775-776 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985). The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction. *See* MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.14[3], at 15-34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."). The cause for this concern is readily apparent: "never having had power to act in the matter, the court never had authority to permit an amendment to the complaint." *Falise*, 241 B.R. at 66." *Whitmire*, 212 F.3d at 888.

"Since Whitmire's jurisdictional problems are of the "technical" or "formal" variety, they fall squarely within the ambit of § 1653. There can be no question that allowing Whitmire to cure her jurisdictional defect by stating the requisite facts showing that diversity jurisdiction exists as an alternative basis for subject matter jurisdiction would not create jurisdiction where it did not previously exist." *Whitmire*, 212 F.3d at 888–89.

Plaintiff's jurisdiction problems are of the "technical" or "formal" variety, and they fall squarely within the ambit of § 1653. The Report and Recommendation, RE 37, stated "Plaintiff seeks to avoid this result by arguing that he possesses standing under the overbreadth doctrine.

(ECF No. 11, PageID.81)." PageID.361. The Report and Recommendation, RE 37, stated that Plaintiff does not have standing because: "But, Plaintiff does not allege an intention or desire to seduce or debauch an unmarried woman. Thus, he cannot establish that he faces a credible threat of prosecution for violating the statute as written." PageID.360. "Again, Plaintiff has not asserted a desire or intention to engage in conduct prohibited by the statute." PageID.360. Plaintiff has explicitly alleged an intention or desire to seduce or debauch an unmarried woman, which is conduct prohibited by MICH. COMP. LAWS § 750.532 ("Seduction statute").

Plaintiff does not "seek to avoid this result" of stating that he has a desire or intention to engage in conduct prohibited by the Seduction statute. "First, the Magistrate Judge does not explain where Plaintiff–Appellant tries to "avoid this result" by the referenced page, much less any document that Plaintiff–Appellant has filed. In part, Plaintiff–Appellant wrote:

> "4. Plaintiff has standing to bring forth a First Amendment challenge the Seduction statute under the overbreadth doctrine. "The overbreadth doctrine constitutes an exception to traditional rules of standing and is applicable only in First Amendment cases in order to ensure that an overbroad statute does not act to "chill" the exercise of rights guaranteed." *Leonardson v. City of East Lansing*, 896 F.2d 190, 195 (6th Cir. 1990)." (ECF No. 11, PageID.81)." (ECF No. 39, PageID.391).

"To clarify, Plaintiff–Appellant declares:

MICH. COMP. LAWS § 750.532 ("Seduction statute"), as written:

- Plaintiff–Appellant alleges an intention or desire to seduce and debauch an unmarried woman in the State of Michigan, which is in violation of the MICH. COMP. LAWS § 750.532 ("Seduction statute").
- Plaintiff–Appellant alleges an intention or desire to engage in a course of conduct proscribed by MICH. COMP. LAWS § 750.532 ("Seduction statute"), for which he faces a credible threat of prosecution.

MICH. COMP. LAWS § 750.532 ("Seduction statute"), "as *allegedly* applied" / 19th century interpretation:

- Plaintiff–Appellant alleges an intention or desire to have sexual intercourse in the State of Michigan with an unmarried woman, he will promise marriage to obtain the sexual intercourse, he will make said promise at the time of the sexual intercourse, and the person with whom he has sexual intercourse will rely on the promise to marry." (ECF No. 39, PageID.382, 384, 388, 389, 391, 397).

4

B.  *Defendant cannot contest that Plaintiff–Appellant has an intention or desire to seduce and debauch an unmarried woman in the State of Michigan, which is fatal to their Fed. R. Civ. P. 12(b)(1) motion.*

"Before Judge Jarvis was a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S.Ct. 1683, 1686-87, 40 L.Ed.2d 90 (1974). A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings. *See id.* ("The *res judicata* effect of a 12(b)(1) motion is ... limited to the jurisdictional issue."); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 at 225 (1990) ("Inasmuch as a Rule 12(b)(1) motion basically is one in abatement, a dismissal is not a decision on the merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has subject matter jurisdiction over the controversy."). Where the court takes evidence for a limited purpose of ruling on jurisdiction, the preclusive effect of such findings is limited to the issue decided. *See Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir.) ("while a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack"), *cert. denied*, 434 U.S. 852, 98 S.Ct. 167, 54 L.Ed.2d 122 (1977)." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

"A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations, *usually by introducing evidence outside the pleadings. Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004); *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with "competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010), under the same evidentiary standard that governs in the summary judgment context. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987); Fed. R. Civ. P. 56(c)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)." (ECF No. 39, PageID.397–98).

"Federal Rule of Civil Procedure 56 states that a party may ask the court to grant summary judgment because the absence of a genuine issue is demonstrated by "the pleadings," it means, of course, the pleadings of the adverse party; the rule clearly states that a genuine issue of material fact cannot be created by a party's reliance on "the mere allegations or denials of [his own] pleading." Fed. R. Civ. P. 56(e)." (ECF No. 39, PageID.398).

"Defendant cannot create a genuine issue of material fact as to whether Plaintiff–Appellant has an intention or desire to seduce and debauch an unmarried woman in the State of Michigan, which is in violation of MICH. COMP. LAWS § 750.532 ("Seduction statute"). Defendant cannot seriously make an argument that they are contesting any of these statements that Plaintiff–Appellant makes about himself." (ECF No. 39, PageID.398).

Plaintiff has alleged an intention or desire to seduce or debauch an unmarried woman. Thus, he establishes that he faces a credible threat of prosecution for violating the statute as written. Moreover, Defendant has not offered any evidence outside the pleadings to contest this truth. Furthermore, the Report and Recommendation, RE 37, did not look any evidence outside the pleadings.

      i.      The Report and Recommendation Conflates a Factual Attack With a Facial Attack

The Report and Recommendation's, RE 37, analysis is that Plaintiff does not have standing due to the sufficiency of the pleading's allegations. PageID.361. Defendant did not make a facial attack. Thus, Plaintiff's pleadings should have been sufficient to establish standing.

"A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15

6

F.3d at 598. Defendant made their motion to dismiss as a factual attack ("In reviewing a factual attack on jurisdiction, which Defendants assert here, the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life*, 922 F.2d at 325 (internal citations omitted))." (ECF No. 27, PageID.232).

Accordingly, a proper analysis of Defendant's motion to dismiss is of the factual existence of subject matter jurisdiction. In this case, the Report and Recommendation, RE 37, needed to review whether this Court has subject matter jurisdiction to review the constitutionality of MICH. COMP. LAWS 750.532 ("Seduction statute"). Plaintiff stated in his First Amended Complaint:

> 7. This Court has subject matter jurisdiction over this First Amendment challenge pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States.

ECF No. 11, PageID.82.

Plaintiff clearly stated the factual existence of subject matter jurisdiction for this case. Accordingly, Plaintiff has clearly established standing and this Court should deny Defendant's motion to dismiss in its entirety.

## Federal Rule of Civil Procedure 15

A.   *Federal Rule of Civil Procedure 15(a)*

"The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Fed. R. Civ. P. 15(a)(1) allows a party to "amend its pleading once as a matter of course" in the initial stages of litigation. "[I]f the pleading is one to which a responsive pleading is required" such amendment must occur within "21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). In addition, Fed. R. Civ. P. 15 provides a very liberal standard for the amendment of pleadings even in later stages of litigation. A party may amend its pleadings with leave of the court or the consent of the opposing party. Fed. R. Civ. P. 15(a)(2). "The court should freely grant leave [to amend] when justice so requires." *Id.*

"Leave to amend pleadings "shall be freely given when justice requires." Fed. R. Civ. P.

15(a). We have explained that the propriety of allowing amendment to cure jurisdictional defects should be governed by the same standard as other amendments to pleadings, namely the standard set forth by the Supreme Court: In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Scattergood*, 945 F.2d at 627 (listing *Foman* factors); *Averbach v. Rival Manufacturing Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989) (same); *Miller*, 636 F.2d at 990 (same)." *Whitmire*, 212 F.3d at 889.

The Report and Recommendation, RE 37, rests on a technicality. PageID.360–361. Plaintiff has alleged an intention or desire to seduce or debauch an unmarried woman. Thus, he establishes that he faces a credible threat of prosecution for violating the statute as written.

B.      *Federal Rule of Civil Procedure 15(c)*

The Federal Rules of Civil Procedure are "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). "Moreover, "cases 'should be tried on their merits . . .'" *Moore v. City of Paducah*, 790 F. 2d 557, 559 (6th Cir. 1986) (citing and quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). "Courts strongly favor resolution of disputes on their merits . . ." *United States v. Gant*, 268 F. Supp. 2d 29, 32 (D.D.C. 2003)." (ECF No. 31, PageID.259).

Fed. R. Civ. P. 15(c) state, in part:

(c) Relation Back of Amendments.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)

Plaintiff's amendment relates back, as he is respectfully requesting leave of Court to amend jurisdiction which the Report and Recommendation, RE 37, states is defective. If granted leave, Plaintiff will explicitly allege an intention or desire to seduce or debauch an unmarried woman, which will satisfy the standing requirement as set forth in the Report and Recommendation, RE 37. PageID.360–361. In the First Amended Complaint, Plaintiff states "Plaintiff has standing to bring forth a First Amendment challenge the Seduction statute under the overbreadth doctrine." (ECF No. 11, PageID.81). Thus, Plaintiff's amendment relates back to this statement, and to the case overall, as he attempted to be set out his intention or desire to seduce or debauch an unmarried woman in the original pleading.

## CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court grant leave to file an Amended Complaint.

Respectfully submitted,

  /s/ Max Birmingham
Max Birmingham (D.C. Bar # 1618157)
PRO SE
323 E 108th St.
Apt. 24
New York, NY 10029
(617) 756–5473
maxbirmingham@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2020, I electronically filed the foregoing paper

with the Clerk of the Court using the ECF system which will send notification of such filing of

the foregoing document as well as via US Mail to all non-ECF participants

<div style="margin-left:50%">

Respectfully submitted,

  /s/ Max Birmingham
Max Birmingham (D.C. Bar # 1618157)
PRO SE
323 E 108th St.
Apt. 24
New York, NY 10029
(617) 756–5473
maxbirmingham@gmail.com

</div>

Dated: November 16, 2020

## <u>CERTIFICATE OF COMPLIANCE</u>

- In compliance with Local Rule 7.3(b)(i), the word count for this brief is two thousand nine hundred seventy six (2,976) words, as determined by the word–count function of Microsoft Word, but excluding parts of the brief exempted by the Rule.

- In compliance with Local Rule 7.3(b)(ii), this brief was prepared in a proportionally spaced typeface using the word processing software Microsoft Word 2019 in 12–point Times News Roman.

Respectfully submitted,

 /s/ Max Birmingham
Max Birmingham (D.C. Bar # 1618157)
PRO SE
323 E 108th St.
Apt. 24
New York, NY 10029
(617) 756–5473
maxbirmingham@gmail.com

Dated: November 16, 2020