UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX BIRMINGHAM,

    Plaintiff,

v.

DANA NESSEL,

    Defendant.

_____/

Case No. 1:20-cv-329

HON. JANET T. NEFF

## OPINION AND ORDER

Pending before the Court are Plaintiff's "Appeal" from the Magistrate Judge's Report and Recommendation (ECF No. 38), Defendant's "Motion to Strike 'Brief of Plaintiff-Appellant'" (ECF No. 40), Plaintiff's Motion for Extension of Time (ECF No. 44), Plaintiff's Motion for Leave to File Reply (ECF No. 49) and Plaintiff's "Appeal of Order, 48" (ECF No. 50). For the following reasons, the Court will grant Defendant's motion to strike and Plaintiff's motion for extension of time, but the Court denies Plaintiff leave to file a reply and denies his appeal from the Magistrate Judge's Order.

**I**

Plaintiff, a licensed attorney proceeding pro se, initiated this action to challenge the constitutionality of the so-called "seduction statute," MICH. COMP. LAWS § 750.532. He filed his initial Complaint on April 17, 2020 (ECF No. 1) and filed an Amended Complaint on May 13, 2020 (ECF No. 11), as well as a Motion for Preliminary Injunction (ECF No. 12). On June 12, 2020, Plaintiff moved for leave to file a Second Amended Complaint (ECF No. 22), which the

Magistrate Judge denied (Order, ECF No. 36). On June 23, 2020, Defendant filed a motion to dismiss Plaintiff's Amended Complaint, arguing that this Court lacks subject matter jurisdiction (ECF No. 26).

The matter was referred to the Magistrate Judge, who issued a six-page Report and Recommendation (R&R, ECF No. 37) on September 16, 2020, recommending that this Court deny Plaintiff's motion for a preliminary injunction, grant Defendant's motion to dismiss, and terminate this case. In the Report and Recommendation, the Magistrate Judge advised Plaintiff of the 14-day period for filing objections (*id.* at PageID.363, citing 28 U.S.C. § 636(b)(1)). That same day, Plaintiff filed a one-page "Notice of Appeal" (ECF No. 38) from the Report and Recommendation, and, on October 19, 2020, filed a 42-page supporting brief (ECF No. 39). Defendant has moved to strike the brief as misplaced, untimely and in excess of this Court's page limitations for such (ECF No. 40). Plaintiff opposes the motion to strike (ECF No. 43) and filed a Motion for Extension of Time to File Untimely Objections (ECF No. 44).

On November 16, 2020, Plaintiff again moved for leave to file a Second Amended Complaint (ECF No. 45), which the Magistrate Judge denied the next day (Order, ECF No. 48). Plaintiff has also filed an appeal from the Magistrate Judge's Order (ECF No. 50).

II

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges. *See also* FED. R. CIV. P. 72; W.D. Mich. LCivR 72.1. Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B).

A. **Plaintiff's "Appeal" from the Magistrate Judge's Report and Recommendation**

As indicated, 28 U.S.C. § 636(b)(1) provides that within fourteen days after being served with a copy of a magistrate judge's report and recommendations on a case-dispositive matter, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." This district requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). This district further requires objections and responses to conform to the page limits for briefs set forth in Local Rule 7.2(b). *See* W.D. Mich. LCivR 7.2(b)(*i*); W.D. Mich. LCivR 72.3(b). The court's task is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." W.D. Mich. LCivR 72.3(b).

Having considered the parties' submissions, the Court agrees with Defendant that Plaintiff's brief is properly stricken from the record for the reason that it was filed well in excess of the Court's page limitations. Nonetheless, the Court will provide Plaintiff with an additional 14-day period to present his objections to the Report and Recommendation, albeit with limited pages, as set forth *infra*, given the brevity of the issues in this case. *See* W.D. Mich. LCivR 7.1(c) (Modification of limits) ("In its discretion, the court may in a particular case shorten or enlarge any time, word count, or page limit established by these rules, with or without prior notice or motion.").

B. **Plaintiff's Appeal from the Magistrate Judge's Order**

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." FED. R. CIV. P.

3

72(a) (Nondispositive Matters). "Any party may appeal from a magistrate judge's order determining any motion or matter within fourteen (14) days after service of the magistrate judge's order." W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive matters).

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

In his appeal from the Magistrate Judge's November 17, 2020 Order, Plaintiff argues, in pertinent part, that this Court should reverse the Order because the Magistrate Judge "mistakes a timeline as a reason for denying Plaintiff leave of Court" (ECF No. 50 at PageID.536, 539). Plaintiff's argument lacks merit. Under FED. R. CIV. P. 15(a)(2), denial of leave to amend the complaint may be appropriate where there is "undue delay." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (citation omitted). Given the timing of Plaintiff's motion at this late stage in the litigation—after a motion to dismiss has been fully briefed and after the Magistrate Judge has recommended this Court grant such motion—the harm to the Court's docket management and prejudice to the defense is apparent and substantial. *See, e.g., Mehr v. Starwood*

*Hotels & Resorts Worldwide, Inc.*, 72 F. App'x 276, 286 (6th Cir. 2003). Plaintiff has not demonstrated that the Magistrate Judge's decision is either clearly erroneous or contrary to law. Therefore, the appeal is properly denied.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's "Motion to Strike 'Brief of Plaintiff-Appellant'" (ECF No. 40) is GRANTED, and Plaintiff's Brief (ECF No. 39) is STRICKEN from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 44) is GRANTED to the extent that Plaintiff may, <u>not later than January 20, 2021</u>, file Objections to the Report and Recommendation (ECF No. 37), with such Objections not to exceed 15 pages. Defendant may, within 14 days of the filing of the Objections, if any, file a Response, with such Response also not to exceed 15 pages. <u>The parties are advised that the Court will not entertain motions to extend either the page limitations or the deadlines</u>.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Reply (ECF No. 49) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's "Appeal of Order, 48" (ECF No. 50) is DENIED.

Dated:  January 6, 2021                                                      /s/ Janet T. Neff
                                                                                              JANET T. NEFF
                                                                                              United States District Judge