UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MAX BIRMINGHAM,

      Plaintiff,

                                         Case No. 1:20-cv-329

v.

                                         HON. JANET T. NEFF

DANA NESSEL,

      Defendant.

_____/


**OPINION AND ORDER**

The matter is presently before the Court on Plaintiff's objections (ECF Nos. 38 & 54) to the Report and Recommendation (R&R, ECF No. 37).  Defendant filed a response to the objections (ECF No. 55).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

**I**

Plaintiff, a licensed attorney proceeding pro se, initiated this action to challenge the constitutionality of the so-called "seduction statute," MICH. COMP. LAWS § 750.532.  He filed his initial Complaint on April 17, 2020 (ECF No. 1).  On May 13, 2020, he filed an Amended Complaint (ECF No. 11) and a Motion for Preliminary Injunction (ECF No. 12).  On June 12, 2020, Plaintiff moved for leave to file a Second Amended Complaint (ECF No. 22), which the

Magistrate Judge denied (Order, ECF No. 36), and this Court denied Plaintiff's appeal from the

Magistrate Judge's Order (Op. & Order, ECF No. 53).

On June 23, 2020, Defendant filed a motion to dismiss Plaintiff's Amended Complaint,

arguing that this Court lacks subject matter jurisdiction to hear this matter where Plaintiff lacks

standing to challenge the statute (ECF No. 26).  The matter was referred to the Magistrate Judge,

who issued a Report and Recommendation on September 16, 2020, recommending that this Court

deny Plaintiff's motion for a preliminary injunction, grant Defendant's motion to dismiss, and

terminate this case (ECF No. 37).  On Defendant's motion, this Court struck Plaintiff's October

19, 2020 brief in support of his objections, which was non-conforming to this district's local rules,

and the Court provided Plaintiff an additional 14-day period to present his objections to the Report

and Recommendation.  *See* 1/6/2021 Op. & Order (ECF No. 53).  These submissions followed in

January 2021.

## II

An objecting party is required to "specifically identify the portions of the proposed

findings, recommendations or report to which objections are made and the basis for such

objections."   W.D. Mich. LCivR 72.3(b).   The court's task then is to "make a de novo

determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." *Id.*

The Magistrate Judge recommends that this Court grant Defendant's motion to dismiss

because Plaintiff lacks standing to challenge the statute where he faces no credible threat of

prosecution for violating the statute, either as written or as allegedly applied (R&R, ECF No. 37

at PageID.359-361).  In his objections at bar, Plaintiff asserts that he "had and has an intention or

desire to seduce and debauch an unmarried woman in the State of Michigan" (ECF No. 54 at

PageID.573-576).  However, as Defendant points out in response, standing cannot be premised on blanket assertions; rather, before Plaintiff could have an injury in fact, "there would have to be a long train of events that would require promise, reliance on a promise, and actions by third parties who are not defendants and who are not even identified" (ECF No. 55 at PageID.595-597). Plaintiff's objection does not reveal any factual or legal error by the Magistrate Judge in his standing analysis.

The Magistrate Judge also rejected Plaintiff's reliance on the overbreadth doctrine, holding that Plaintiff "misunderstands the nature of this exception, as it does not relieve him of the necessity to satisfy the requirements of constitutional standing" (R&R, ECF No. 37 at PageID.361).  In his objections, Plaintiff again reiterates his argument that the overbreadth doctrine allows him standing to challenge the statute (ECF No. 54 at PageID.576-582).  However, as the Magistrate Judge concluded (R&R, ECF No. 37 at PageID.361), and as Defendant sets forth more fully in her response (ECF No. 55 at PageID.598-601), Plaintiff's argument lacks merit.  "The Supreme Court has made clear that the injury-in-fact requirement still applies to overbreadth claims under the First Amendment." *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 392-93 (1988).  *See also Sec'y of State of Maryland v. Joseph H. Munson, Inc.*, 467 U.S. 947, 958 (1984) ("The crucial issues [for overbreadth standing] are whether [the plaintiff] satisfies the requirement of injury-in-fact, and whether [the plaintiff] can be expected satisfactorily to frame the issues in the case.").

Last, the Magistrate Judge recommends this Court deny Plaintiff's motion for a preliminary injunction, primarily because Plaintiff has no possibility of prevailing on the merits where he lacks standing to challenge the seduction statute (R&R, ECF No. 37 at pageID.362).  Plaintiff asserts in his objections that he can prevail on the merits and that the other factors for injunctive relief weigh

3

in his favor (ECF No. 54 at PageID.583-585).   However, given the resolution of Defendant's

motion to dismiss, Plaintiff's motion for injunctive relief is also properly denied.

In sum, Plaintiff's objections do not supply a basis for rejecting the Report and

Recommendation.    Therefore, this Court adopts the Magistrate Judge's Report and

Recommendation as the Opinion of this Court.   Because this Opinion and Order resolves all

pending claims, a Judgment will be entered consistent with this Opinion and Order.   *See* FED. R.

CIV. P. 58.   Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 38 & 54) are DENIED and

the Report and Recommendation of the Magistrate Judge (ECF No. 37) is APPROVED and

ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 26) is

GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (ECF

No. 12) is DENIED for the reasons stated in the Report and Recommendation.


Dated:  February 25, 2021                                         /s/ Janet T. Neff
                                                                              JANET T. NEFF
                                                                              United States District Judge